Sabina **REYES–ESPINOZA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–76008.

United States Court of Appeals, Ninth Circuit.

Submitted July 24, 2006.*

Decided July 31, 2006.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Sabina Reyes–Espinoza, Los Angeles, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Joan E. Smiley, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

## MEMORANDUM **

Sabina Reyes Espinoza, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' adoption and affirmance of an immigration judge's ("IJ") denial of her application for cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We grant the petition for review and remand.

The IJ denied relief, in part, based on his determination that petitioner's departure from the United States in 1999 interrupted her accrual of continuous physical presence. Although we have held an administrative voluntary departure constitutes a break in continuous physical presence, *see Vasquez–Lopez v. Ashcroft,* 343 F.3d 961, 972 (9th Cir.2003) (per curiam), we recently held that the fact that an alien is turned around at the border, i.e., voluntarily returned, even where the alien is fingerprinted and information about his attempted entry is entered into the government's computer database, does not in and of itself interrupt accrual of physical presence, *see Tapia v. Gonzales,* 430 F.3d 997, 1002–1004 (9th Cir.2005).

On the record before us, we cannot determine whether petitioner's return to Mexico by immigration officials was the result of an administrative voluntary departure or a voluntary return. Moreover, even assuming petitioner accepted administrative voluntary departure, the record is not sufficiently developed for us to determine whether she knowingly and voluntarily accepted administrative voluntary departure. *See Ibarra–Flores v. Gonzales,* 439 F.3d 614 (9th Cir.2006) (explaining that an agreement for voluntary departure should be enforced against an alien only when the alien has been informed of, and has knowingly and voluntarily consented to, the terms of the agreement). Accordingly, we remand to the Board for further consideration of the issue of continuous physical presence in light of *Tapia* and *Ibarra–Flores.*

The IJ also denied relief, in part, based on his determination that petitioner failed to establish good moral character. However, it is not clear whether the IJ's moral character determination rested on a nonreviewable discretionary finding, or a reviewable statutory ground. *See Romero–Torres v. Ashcroft,* 327 F.3d 887, 890–91 (9th Cir.2003) (explaining that this court has jurisdiction to review per se good moral character categories but not discretionary moral character determinations). The Board's decision is likewise unclear on this point. Accordingly, we also remand for the Board and IJ to clarify the grounds for its moral character determination.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.